IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQAUS L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03cv3101 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RANDY CROSBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 82, the Motion for Summary Judgment filed by the remaining defendants in this action, Randy Crosby and Peter Reed, in their individual capacity; (2) filing no. 87, the Motion for Leave to Appeal filed by the plaintiff, JacQaus L. Martin; (3) filing no. 89, the plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal; and (4) filing no. 91, the plaintiff's Motion to Compel.   This litigation arises out of a strip search of the plaintiff, including a visual body cavity search, on May 5, 2000.  The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the search of his person on May 5, 2000, lacked a reasonable basis or probable cause, that the search constituted a sexual assault, and that the defendants used excessive force in the course of the search.

With regard to the plaintiff's requests to view the videotape of the search, the court stated in a Memorandum and Order dated March 25, 2005 (filing no. 85):

> The plaintiff seeks to compel discovery of the videotape of the incident on May 5, 2000, which is the subject of this litigation.  In filing no. 77, the court ordered the defendants to show cause why they should not be compelled to produce the requested videotape, and the court gave the plaintiff an opportunity to respond to the defendants' arguments.  Among other reasons, the defendants contend that the plaintiff's prison lacks any facility in which the plaintiff could be permitted to view the videotape.

The plaintiff asks to be brought to court for a hearing in which he would be allowed to view the videotape. However, the court will not consider a measure of that kind unless there exists some compelling reason why the plaintiff must see the tape. So far, no such compelling reason has been offered. The plaintiff knows what happened on May 5, 2000, because he was there, and the plaintiff has not explained why he needs to view the videotape to develop his case against Crosby and Reed. Therefore, production of the videotape to the plaintiff is denied at this time. However, the court will require the defendants to file a copy of the videotape with the court, for review by the court if necessary.

At approximately the same time as the court entered the Memorandum and Order of March 25, 2005 (filing no. 85), the defendants filed their Motion for Summary Judgment. In the materials supporting the summary judgment motion, the defendants describe the contents of the videotape, and, as directed, they have filed a copy of the videotape with the court. Thus, the videotape is presently available to the defendants and to the court, but not to the plaintiff, and a potentially dispositive motion relies in part on the video. Recently, the plaintiff has made the point (filing no. 87), that he should be allowed to verify the content, context and authenticity of any pictorial depiction of the search considered by the court. In light of the foregoing and to enable the plaintiff to respond to the pending Motion for Summary Judgment, the plaintiff must now be allowed to view the videotape, to take notes, and to prepare his arguments in opposition to the defendants' motion for summary judgment, as well as, if he so wishes, to submit his own motion for summary judgment.

THEREFORE, IT IS ORDERED:

1. That filing no. 82, the defendants' Motion for Summary Judgment, is taken under advisement until the plaintiff has had an opportunity to view the videotape and a reasonable time in which to respond to filing no. 82 and submit his own summary judgment motion if he wishes to do so;

2. That the court will address filing nos. 87 and 89 by separate Order;

3. That filing no. 91, the plaintiff's Motion to Compel, is granted in part and denied in part; the motion is granted insofar as the plaintiff shall be allowed to view the videotape, and is otherwise denied;

4. That by no later than June 15, 2005, the plaintiff shall be taken to a facility governed by the Nebraska Department of Correctional Services ("DCS") or, if DCS officials prefer, to the offices of the defendants' counsel, the Nebraska Attorney General, to view the videotape of the May 5, 2000, search; the plaintiff shall be allowed to take notes, and a person approved by DCS shall assist the plaintiff in rewinding, pausing and otherwise operating the video equipment to enable the plaintiff sufficient opportunity to review the video and take notes;

5. That the plaintiff shall have until July 25, 2005 to respond to the defendants' Motion for Summary Judgment and, if he wishes, to file his own summary judgment motion; and

6. That the foregoing deadlines shall remain in effect notwithstanding any appeals in the interim.

DATED this 12th day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge