IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQAUS L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03cv3101 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RANDY CROSBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 87, 88 and 89, the Motion for Leave to File Appeal, the Notice of Appeal, and the Application to proceed in forma pauperis ("IFP") on appeal filed by the plaintiff, JacQaus L. Martin. Because the plaintiff previously received leave to proceed IFP in the district court, Fed. R. App. P. 24(a)(3) would ordinarily continue IFP status on appeal.[1]  However, 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997):  "District courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma

---

[1]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....
(3) Prior Approval.   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, **unless the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith** or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

(Emphasis added.)

pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'"

The plaintiff wishes to take an interlocutory appeal of "all previous decisions" in this case. Those previous decisions include dismissal of some defendants, without prejudice, for insufficient service of process, dismissal of the plaintiff's damages claims against a party shielded by sovereign immunity, a finding that the Nebraska Department of Correctional Services, a state agency, is not a "municipality," denial of the plaintiff's Motion for Default Judgment, and others. Having considered the record in this action, I certify that this appeal is frivolous and is not taken in good faith.[2]

In addition, the plaintiff is a prisoner who is subject to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g) (the "three-strikes" provision), states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the "three strikes" provision applies to the plaintiff, and as this appeal does not meet the exception for "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), the plaintiff is not entitled to proceed IFP on appeal.

---

[2]See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

However, if a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of Court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1. That filing nos. 87 and 89 are denied but may be reasserted to the Eighth Circuit Court of Appeals;

2. That, pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit as notice that the plaintiff has been denied IFP status on appeal; and

3. That, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days, after service of this Memorandum and Order, to file his motions with the Eighth Circuit.

DATED this 13th day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3